┌─────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1
└─────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 26, 2021[*]
Decided July 28, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1483

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 17 CR 420 |
| JUAN MORALES-AGUILAR, <br> *Defendant-Appellant*. | Gary Feinerman, <br> *Judge*. |

**O R D E R**

Juan Morales-Aguilar, a federal inmate, sought compassionate release based on certain health conditions—Type 2 diabetes, hypertension, and obesity—and the residual effects of a prior COVID-19 diagnosis. The district court acknowledged Morales-Aguilar's concerns but concluded that the sentencing factors under 18 U.S.C.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

§ 3553(a) weighed against his release. Because the judge did not abuse his discretion in denying Morales-Aguilar's request, we affirm.

Morales-Aguilar, a citizen of Mexico, is serving an 84-month sentence at the Federal Correctional Institution El Reno in Oklahoma for reentering the country illegally. *See* 8 U.S.C. § 1326(a). His projected release date is late 2023.

In December 2020, Morales-Aguilar moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on residual symptoms after a COVID-19 infection two months earlier. Although he is now deemed "recovered," Morales-Aguilar still experiences respiratory distress, an irregular heartbeat, severe dizziness, and chronic fatigue that makes his life in prison more difficult. He also argues that his underlying health conditions—Type 2 diabetes, hypertension, and obesity—place him at a higher risk of serious complications should he contract the virus again.

The district judge denied the motion. He noted Morales-Aguilar's ongoing health issues but found that they were being managed by the Bureau of Prisons. Further, Morales-Aguilar's risk of serious illness if reinfected was unlikely based on the guidance of the Centers for Disease Control and Prevention. The judge then emphasized that early release "cannot possibly be squared with § 3553(a)": Morales-Aguilar had committed a serious crime (illegally reentering the United States for a third time); his criminal history was extensive (over 20 convictions in Illinois in the past 25 years, including serious firearm and drug offenses); and relief from the substantial time left on his sentence would "significantly" fail to promote respect for the law, provide just punishment, deter criminal conduct, and protect the public.[1]

---

[1] In two recent opinions, we addressed the effect of the vaccine rollout on motions for compassionate release based on medical risks presented by COVID-19 in the prison setting. In *United States v. Broadfield*, No. 20-2906, --- F.4th --- , 2021 WL 3076863 (7th Cir. July 21, 2021), we held that prisoners with access to a vaccine may not rely on the risk of COVID-19 as an extraordinary and compelling reason for release. And in *United States v. Ugbah*, No. 20-3073, --- F.4th ---, 2021 WL 3077134 (7th Cir. July 21, 2021), we observed that it would be an abuse of discretion for a district judge to find that the risk of COVID-19 constitutes a reason for release when the prisoner does not contend that he is medically unable to be vaccinated. Although Morales-Aguilar says that prison staff are refusing the vaccine and that inmates are afraid of the vaccine, he does not specify his vaccination status or assert that he is unable to receive a vaccine for

On appeal, Morales-Aguilar maintains that his underlying conditions and residual COVID-related symptoms trump the judge's concerns about the seriousness of his offense and his criminal history. But the judge acted within his broad discretion in denying relief. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). He appropriately justified his decision based on the § 3553(a) factors—particularly the seriousness of Morales-Aguilar illegally reentering the country for a third time, his extensive criminal history, and the need to promote respect for the law and provide just punishment—values that would be undermined by such a substantially reduced sentence. *See United States v. Sanders*, 992 F.3d 583, 587–88 (7th Cir. 2021).

AFFIRMED

---

medical reasons or otherwise. But even if he were, we would affirm the judgment based on the reasons given by the district judge.